## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELE LEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1352-WBV-DMD** |
| **SAMANTHA D. DEGOU, ET AL.** | **SECTION: D (3)** |

## <u>ORDER AND REASONS</u>

Before the Court is a Motion to Remand, filed by plaintiff, Angele Lee.[1] Plaintiff asserts that this case should be remanded to state court because the Court lacks diversity jurisdiction under 28 U.S.C. § 1332, since her total damages from the underlying motor vehicle accident do not exceed $75,000, excluding interest and costs.[2]  According to the Plaintiff, defendants, Samantha D. Degou and Safety Insurance Company, have no objection to the Motion.[3]

After considering the briefs submitted by the parties and the applicable law, for the reasons expressed below, the Motion to Remand is **GRANTED** and this matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On or about January 21, 2022, Angele Lee filed a Petition for Damages against Samantha A. Degou and Safety Insurance Company in Orleans Parish Civil District

---

[1] R. Doc. 9.
[2] *Id.* at p. 1.
[3] *Id.*

Court, seeking damages from a motor vehicle accident that occurred on or about February 3, 2021 with Degou.[4]  Plaintiff alleged that, as a result of "this violent and unexpected collision," she sustained lost wages, impairment to earning capacity, mental anguish, and serious personal injuries, and that she was forced to consult a private physician "for injuries to the mind and body incurring medical expenses for which the defendants are liable."[5]  Plaintiff further alleged that at all relevant times, Safety Insurance Company ("Safety") provided liability insurance coverage for the vehicle driven by Degou.[6]

On May 16, 2022, Safety filed a Notice of Removal in this Court, asserting that the Court has subject matter jurisdiction over this case based upon 28 U.S.C. § 1332, diversity jurisdiction.[7]

On June 28, 2022, Plaintiff filed the instant Motion to Remand.[8]  In the Motion, Plaintiff explains that she was involved in another motor vehicle accident and sustained injuries subsequent to the February 3, 2021 motor vehicle accident at issue in this case.[9]  Plaintiff asserts that at the time she filed her Petition for Damages, it was unclear which injuries were attributable to the February 3, 2021 accident and which were attributable to the subsequent accident.  Since the filing of her Petition and the Notice of Removal, however, Plaintiff claims she has received medical records and further investigated her claims, and that she has determined that her damages

---

[4] R. Doc. 1-2 at pp. 2-3.
[5] Id. at p. 3.
[6] Id.
[7] R. Doc. 1.  In the Notice of Removal, Safety asserts that the Notice of Removal is timely because Safety was not served with a copy of the state court Petition until April 15, 2022.  Id. at ¶ 7.
[8] R. Doc. 9.
[9] R. Doc. 9-2 at p. 1.

related to the February 3, 2021 accident do not exceed $75,000.[10]  Plaintiff points out that she attached a Stipulation to her Motion to Remand, stipulating that her total damages do not exceed $75,000, exclusive of interest and costs, and that she will neither accept nor recover more than $75,000.[11]  As such, Plaintiff argues that the Court lacks subject matter jurisdiction in this case, and that her Motion should be granted.

As previously mentioned, Plaintiff asserts that, "Defense counsel has been contacted and has no objection" to the Motion to Remand.[12]  The Court further notes that the Motion to Remand was filed into the record as a consent motion.[13]

## II.   LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[14]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[15]  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[16]  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of

---

[10] *Id*. at pp. 1-2.
[11] *Id*. at p. 2 (*citing* R. Doc. 9-3).
[12] R. Doc. 9 at p. 1.
[13] *See,* R. Doc. 9.
[14] 28 U.S.C. § 1441(a).
[15] 28 U.S.C. § 1332(a)-(a)(1).
[16] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

remand. [17]   Remand is proper if at any time the court lacks subject matter jurisdiction.[18]

The removing party has the burden of proving federal diversity jurisdiction. [19] If a defendant meets that burden, the plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to obtain a remand.[20]  The plaintiff "may establish this by identifying a statute, or by filing a binding stipulation, that so limits her recovery." [21]  This Court, however, have cautioned that, "Post-removal affidavits or stipulations may be considered only in limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal."[22]  Thus, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."[23]

---

[17] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

[18] *See,* 28 U.S.C. § 1447(c).

[19] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

[20] *De Aguilar v. Boeing Co.*, 47 F.3d  1404, 1412 (5th Cir. 1995), superseded by rule on other grounds as stated in *Trustee of Holders of AAMES Mortgage Investment Trust 200054 Mortgage Backed Notes*, No. 20-11082, 2022 WL 2168151 (5th Cir. June 16, 2022).

[21] *Manguno v. Prudential Prop. & Cas. Inc. Co.*, 276 F.3d 720, 724 (5th Cir. 2002) (citing *De Aguilar,* 47 F.3d at 1412).

[22] *Davis v. State Farm Fire & Cas.*, Civ. A. Nos. 06-560, 06-596, 06-830, 06-831, 06-1090, 06-1091, 06-1092, 06-1242, 06-1597 , 2006 WL 1581272, at *3 (E.D. La. June 7, 2006) (Vance, J.) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993)).  *See, Mitchell v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 16-721, 2016 WL 4368329, at *2 (E.D. La. Aug. 16, 2016) (Lemelle, J.) (citing authority).

[23] *Gebbia*, 233 F.3d at 883 (citing authority).

Having reviewed the Motion to Remand and the attached Stipulation, the Court finds that the Stipulation establishes with legal certainty that Plaintiff's recovery will not exceed $75,000.00. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, and this matter must be remanded.

## III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Remand[24] is **GRANTED.** This matter is hereby **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, June 30, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[24] R. Doc. 9.